UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLAM ELLISON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Civil Action No. 25-2250 (UNA) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs seek to bring this action under 28 U.S.C. § 1605A, alleging that the Islamic Republic of Iran is responsible for two bombing attacks that harmed one American citizen, twelve Afghan contractors, and their families. See ECF No. 1 (Compl.) ¶¶ 1–71. At the time of the attacks, many of the Plaintiffs lived in Kabul, Afghanistan, and served "in various capacities to support the U.S. government activities within their country." ECF No. 3-1 (Mem.) at 1. In their redacted Complaint, those Plaintiffs who still live in Afghanistan, or have immediate family members who live there, have identified themselves only by their initials out of fear of possible reprisals. Id. Those Plaintiffs now move to proceed under pseudonyms. See ECF No. 3 (Mot.).

All victims, except William Ellison, were Afghan nationals employed by the United States and performing their employment duties at the time of the attacks. See Mot., ¶ 3. "After the fall of Afghanistan to the Taliban in 2021, some of those families successfully sought citizenship, asylum, or permanent residence within the United States or elsewhere." Id. Many others who are part of the lawsuit remain in Afghanistan. Id.

1

This suit involves sensitive facts, and disclosing Plaintiffs' identities could endanger them and their family members who remain in Afghanistan under the Taliban regime. The Court, therefore, will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;

> (4) whether the action is against a governmental or private party; and relatedly,
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

At this stage, Plaintiffs have succeeded in showing that their privacy and safety concerns outweigh the public's presumptive and substantial interest in learning their identities.

The first factor heavily supports granting the Motion. Plaintiffs do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). Plaintiffs who are requesting anonymity are currently residing in Afghanistan or have family members there. See Mem. at 1. The Court agrees with Plaintiffs that revealing their actual identities could expose them and their families to potential harm. Id. at 2–3. This is a reasonable request, moreover, because Plaintiffs who are no longer living in Afghanistan have not requested anonymity. Id.

For essentially the same reason, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiffs and (more crucially) to "innocent non-parties" also favors proceeding under pseudonyms. In re Sealed Case, 971 F.3d at 326 (citation omitted). The innocent non-parties in this case are, at a minimum, Plaintiffs' family members, who are equally at risk of the abovementioned harm. See, e.g., Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will help to conceal his work with the U.S.-led reconstruction efforts [in Iraq] and protect his wife and minor child from the anti-U.S. insurgents . . . .").

The third factor also favors pseudonymity because some of the individuals remaining in Afghanistan are minors.  See Mem. at 3; see, e.g., Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."); R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Sept. 12, 2023) (factor favored motion "to some extent" where "Plaintiffs indicate that one of them is a minor, and revealing the other Plaintiffs' identities risks undermining the anonymity of that person"); J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op.) at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity because "although Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up).

The fourth factor also weighs in favor of granting the Motion.  A "heightened public interest" in disclosure applies "when an individual or entity files a suit against the government,' particularly in a manner that may 'alter the operation of public law."  Sponsor v. Mayorkas, 2023 WL 2598685 at *2 (D.D.C. Mar. 22, 2023) (quoting In re Sealed Case, 971 F.3d at 329). Regardless of whether that reasoning extends to suits against foreign governments, see Doe v. Federal Republic of Germany, 680 F. Supp. 3d 1, 6 (D.D.C. 2023), no heightened public interest attaches here because "nothing about the nature of these proceedings . . . creates any need for transparency with respect to the plaintiffs' identities or addresses."  Chang v. Republic of South Sudan, 548 F. Supp. 3d 34, 38 (D.D.C. 2021) (considering similar circumstances).  Plaintiffs in this case "seek to vindicate their [own] rights[,] . . . and anonymity appears to be necessary to provide them the opportunity to do so."  Asylum Seekers Trying to Assure Their Safety v. Johnson, 2023 WL 417910, at *4 (D.D.C. Jan. 26, 2023) (addressing fourth factor).  In addition,

as "government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing,'" the Court need not assume such reputational concerns exist here.  J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. Geo. Wash. U., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").

Fifth and finally, Iran would suffer no "risk of unfairness" if the Motion were granted. See R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023) ("While this is not a case in which Defendant knows their identities already, Plaintiffs have offered to disclose them under seal and have not asked to do so *ex parte*."); Mot. at 2. Upon the filing of the pseudonymous Complaint, moreover, Defendant remains "free to move for the disclosure of any information it deems necessary to the full and fair defense of the case," Mem. at 3, and Plaintiffs remain free to object.

In sum, all five factors weigh in favor of granting the Motion to proceed pseudonymously.

### III.   Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [3] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

      i. A pseudonymous version of their [3] Motion and any attachments as a Notice to the Court; and

     ii. A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 22, 2025